UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA DYER on her own behalf and
on behalf of all similarly situated
individuals,

      Plaintiff,    CASE NO.:

 v.

JTNU, INC., d/b/a SKYWAY JACK'S, a
Florida Profit Corporation, and JOSEPH
TENAGLIA, individually,

      Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, AMANDA DYER on her own behalf, and on behalf of all similarly situated individuals, by and through the undersigned attorney, and sues the Defendants, JTNU, INC. d/b/a SKYWAY JACK'S and JOSEPH TENAGLIA (collectively "Defendants") for failing to pay complete minimum wages for every hour worked, pursuant to 29 U.S.C. 216(b) and Article X of the Florida Constitution.

## NATURE OF CASE

1. Defendant, JTNU, Inc. d/b/a Skyway Jack's, (hereinafter "Skyway Jack's") is a restaurant establishment located in St. Petersburg, Pinellas County, Florida.

2. As part of its enterprise, Defendant Skyway Jack's hires servers to serve customers as well as additional employees not employed in a service capacity.

3. Plaintiff brings this case to address and correct the illegal pay practices conducted by Defendant Skyway Jack's.

1

4. Defendants violated the FLSA by failing to pay Plaintiff at least the full minimum wage for all hours worked pursuant to 29 U.S.C. 216(b) and 29 U.S.C. § 201, et al.

## PARTIES

5. Plaintiff was an hour server employed by Defendant Skyway Jack's from approximately August 2016 through December 2016.

6. Defendant Skyway Jack's is a Florida for profit corporation which operates and conducts business in, among others, Pinellas County, Florida and is therefore, within the jurisdiction of this Court.

7. Plaintiff brings this FLSA collective action individually and on behalf of others similarly situated, including present and former employees of Defendant Skyway Jack's, to recover from Defendant Skyway Jack's unpaid minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

8. Defendant Joseph Tenaglia (hereinafter "Tenaglia") is the Owner and Director of JTNU, Inc. d/b/a Skyway Jack's.

## JURISDICTION & VENUE

9. This action is brought under Federal law to recover from Defendants minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims as they arise under the FLSA.

11. This Court has jurisdiction and venue over this complaint as each of Defendants' violations of the FLSA complained of took place in Pinellas County, Florida.

## GENERAL FACTUAL ALLEGATIONS

12. Plaintiff worked for Skyway Jack's at its 2795 34th Street South, St. Petersburg, Florida 33711 location.

13. Plaintiff was paid pursuant to a "tip credit" method where she was paid minimum wage minus the tip credit.

14. At all material times during her employment, Defendant Skyway Jack's deducted a tip credit from Plaintiff.

15. At all material times during the last three years, Defendant Skyway Jack's was an enterprise subject to the FLSA's provision on minimum wages.

16. At all material times during the last three years, Defendant Skyway Jack's was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. Defendant Skyway Jack's employees ran credit card transactions which transacted business in interstate commerce on a daily basis.

18. Defendant Skyway Jack's employees handled goods such as napkins, silverware, appliances, food items, and restaurant equipment which had traveled in interstate commerce on a daily basis.

19. At all material times during the last three years, Defendant Skyway Jack's has had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

20. Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant Skyway Jack's as a result of her use of credit card machines and other restaurant equipment which transmitted communications in interstate commerce.

21. Defendant Skyway Jack's is a restaurant, providing food and drinks to the general public.

22. Specifically, Defendant Skyway Jack's operates a restaurant.

23. Plaintiff worked in the State of Florida without being paid at least the full minimum wage for all hours worked.

24. Defendant Tenaglia controlled and/or was responsible for the work of Plaintiff.

25. Defendant Tenaglia regularly supervised Plaintiff's daily activities.

26. Defendant Tenaglia created and implemented the employer's policies and practices which violated the FLSA.

27. Defendant Tenaglia knew the employer's policies and practices violated the FLSA, but continued enforcing such policies against Plaintiff and other employees.

28. Plaintiff did a specific job, i.e. serve food and drinks, which was/is an integral part of the restaurant business of Defendant Skyway Jack's.

29. Defendant Skyway Jack's utilized the tip credit and paid Plaintiff under the applicable tipped minimum wage.

30. An employer may not claim a tip credit as to an employee's wages unless the employer has provided the employee with the provisions of the FLSA provisions of the tip credit.

31. Defendant Skyway Jack's failed to provide employees with the provisions of the FLSA pertaining to the tip credit, and was therefore not permitted to take the tip credit.

32. Moreover, when an employer chooses to pay pursuant to a tip credit, the employees must be allowed to keep all of their tips, either individually or through a tip pool.

33. With respect to allowing an employee to keep all of their tips, an employer may not take deductions from the employee's tips.

34. When employers take unlawful deductions from an employee's tips, the employer is not permitted to take the tip credit.

35. However, Defendant Skyway Jack's had a practice of deducting monies from their employees' earned tips to offset Defendant's overhead. Specifically, Defendant charged Plaintiff a fixed fee for every shift she worked.

36. In addition, Defendants required Plaintiff to perform non-tipped work. However, Defendants paid Plaintiff the reduced tipped minimum wage even though Plaintiff was required to perform non-tipped work.

37. As a result of these common policies, Plaintiff is entitled to receive the tip credit taken for each hour worked as repayment for the tip credit improperly deducted from her wages.

38. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

39. Moreover, Defendants failed to pay Plaintiff for each hour she worked, requiring her to work off the clock each and every week she was employed, up to 20 hours each week.

# FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
### (Failure To Pay Minimum Wages)

40. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1 – 39 above as if stated fully herein.

41. At all relevant times, Defendant Skyway Jack's has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

42. At all relevant times, Defendants employed Plaintiff.

43. Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA.

44. As stated above, Defendants have a policy and practice paying Plaintiff the reduced tip-credit minimum wage but requiring her to pay a fee for each shift she worked to offset Defendant's overhead.

45. Additionally, Defendants required Plaintiff to work off the clock, up to 20 hours each week she was employed.

46. Such a policy and practice violates the FLSA's minimum wage provisions.

47. Defendants' failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. §206.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

49. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

50. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

51. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

52. As a result of Defendants' reckless disregard of the FLSA, Plaintiff is entitled to liquidated damages.

## SECOND CAUSE OF ACTION
## COLLECTIVE ACTION, VIOLATION OF THE FLSA
### (Failure to Pay Minimum Wage)

53. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1 – 39 above as if stated fully herein.

54. At all times material, Defendants employed numerous individuals who were similarly situated to Plaintiff.

55. Throughout their respective employment, individuals similarly situated to Plaintiff were subject to Defendants' unlawful pay practices.

56. Specifically, Defendants took an unlawful "tip credit" from Plaintiff and those similarly situated to Plaintiff by taking unlawful deductions from tips, requiring tipped employees to share tips with non-tipped employees and paying the tip minimum wage for non-tip work.

57. Defendants' failure to pay such similarly situated individuals the required minimum wage was in reckless disregard of the FLSA.

58. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

59. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay

Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff, AMANDA DYER, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

<u>**/s/ Marc R. Edelman**</u>
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
Morgan & Morgan, P.A.
201 North Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-223-5505
Fax: 813-257-0572
Email: MEdelman@forthepeople.com
*Attorney for Plaintiff*